IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:96CR10

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)
   ORDER<br>WILLIAM HENRY COLEMAN, )<br>)<br>      Defendant. )<br>_____ ) | |

This matter is before the Court on Defendant's Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Defendant has also filed a Motion to Expedite Ruling. For the reasons discussed below, Defendant's Motion for Relief from Final Judgment is DENIED as a successive petition under 28 U.S.C. § 2255, and the matter is DISMISSED.

## BACKGROUND

On March 26, 1996, Defendant was convicted by a jury of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C § 922(g)(1). On January 23, 1997, the Court found that Defendant was an armed career criminal pursuant to 18 U.S.C. § 924(e), and sentenced Defendant to a 210-month term of imprisonment. Defendant appealed his conviction to the Fourth Circuit Court of Appeals, raising numerous claims, including an allegation that the Court erroneously applied the armed career criminal statute. On March 18, 1999, the Fourth Circuit rejected all of Defendant's claims and affirmed his conviction and sentence. *United States v. Coleman*, No. 97-4078, 1999 WL 147262 (4th Cir. Mar. 18, 1999) (per curiam). Defendant's subsequent writ of certiorari was denied by the Supreme Court on October 18, 1999.

On January 26, 2000, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. On June 28, 2001, this Court granted summary judgment for the Government and dismissed Defendant's motion. On January 28, 2002, the Fourth Circuit denied Defendant's request for a certificate of appealability. Three months later, Defendant filed a motion in the Fourth Circuit for permission to file a successive habeas petition. The Fourth Circuit denied Defendant's motion on March 15, 2005.

Defendant filed the instant Motion for Relief from Judgment on August 5, 2005, followed by a Notice of Supplemental Authority on August 24, 2005, and a Motion to Expedite Ruling on November 14, 2005. In Defendant's Motion for Relief from Judgment, he argues that the Fourth Circuit improperly upheld Defendant's sentence enhancement as an armed career criminal, pursuant to 18 U.S.C. § 924(e). Defendant claims that one of the three predicate offenses for his armed career offender status– a 1984 conviction for manslaughter– was an offense for which Defendant's civil rights had been restored, and therefore could not be used in imposing the sentence enhancement.

Defendant also alleges prosecutorial misconduct during the direct appeal to the Fourth Circuit. Defendant claims that the prosecutor improperly argued to the Fourth Circuit that Defendant possessed a gun at the time of a 1993 arrest, as a means of bolstering the trial court's decision to sentence Defendant as an armed career criminal. Defendant alleges that such argument was improper because the prosecutor never presented evidence of Defendant's firearm possession during proceedings in the trial court.

## ANALYSIS

Rule 60(b)(6) allows a district court to modify a previous decision based on "any.. reason

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). However, under longstanding practice, courts will classify *pro se* filings from prisoners according to their contents, without regard to their titles. *See United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002). Where a prisoner has previously attacked his sentence collaterally, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *United States v. Winestock*, 340 F.3d 200, 206 (4thCir. 2003), *cert. denied*, 540 U.S. 995 (2003) (emphasis in original).

In determining whether or not a prisoner's filing is a proper 60(b) motion or a successive collateral attack, a court must look to the substance of the prisoner's motion. *Winestock*, 340 F.3d at 207. The Fourth Circuit provides that as a general rule, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.*

Here, Defendant is not seeking to remedy a defect in the collateral review process. Rather, he is attempting to litigate the propriety of a sentencing enhancement, which was previously argued and decided adversely on direct appeal and in prior collateral proceedings

3

before this Court.[1] Therefore, the instant Motion for Relief from Judgment is in substance a successive petition under 28 U.S.C. § 2255. This Court is without jurisdiction to entertain a second or successive habeas petition without authorization from the Fourth Circuit Court of Appeals.[2] See 28 U.S.C. § 2244 (b).

## CONCLUSION

For the reasons stated above, Defendant's Motion for Relief from Final Judgment is DENIED. Defendant's Motion to Expedite is DENIED as moot, and the matter is DISMISSED.

SO ORDERED

This _20_ day of January 2006.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's claim of prosecutorial misconduct is "relate[d] to the validity of the underlying criminal judgment and do[es] not suggest that [Defendant] was denied a fair opportunity to seek relief though § 2255." *Winestock*, 340 F.3d 207. Accordingly, Defendant's allegation of misconduct does not convert Defendant's collateral attack on his sentence enhancement into a matter for consideration under Rule 60(b).

[2] Additionally, notice to Defendant of the recharacterization of the 60(b) motion is not required under *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). Unlike *Emmanuel*, Defendant will suffer no prejudice from recharacterization of the motion because he has already filed an initial habeas petition. *See United States v. Brown*, 132 Fed. Appx. 430 (4th Cir. 2005) (unpublished) (Notice of recharacterization of Rule 60(b) motion not required where petitioner has previously filed a Section 2255 petition).

4